UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SALMAN ALI,

                    Petitioner,                              Case No. 1:26-cv-806

v.                                                           Honorable Jane M. Beckering

KRISTI NOEM et al.,

                    Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for emergency injunctive relief. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.8.)

In an order entered on March 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 19, 2026, (ECF No. 5), and Petitioner filed his reply on March 25, 2026, (ECF No. 6).

**II.      Relevant Factual Background**

Petitioner is a native and citizen of Pakistan who entered the United States in July 2024. (Pet., ECF No. 1, PageID.5.) On January 15, 2026, Petitioner was arrested by ICE near Baltimore, Maryland. (*Id.*, PageID.4.)

On February 12, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Ali v. Noem* (*Ali I*), No. 1:26-cv-490 (W.D. Mich.). In *Ali I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ali I*, (W.D. Mich. Feb. 26, 2026), (ECF Nos. 6, 7).

On March 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.6; Order of the Immigration Judge, ECF No. 1-3, PageID.18.) At that hearing, Petitioner

> submitted proof of his pending asylum application, his work permit, evidence of his family in the U.S., proof of his fixed address, sponsor documentation assuring the court they would be responsible for ensuring Petitioner's attendance at all future hearings, as well as 9 good moral character letters from family, friends, and community members.

(Pet., ECF No. 1, PageID.2.) "[T]he government presented a Form I-213, alleging that, during an Intensive Supervision Appearance Program [] appointment with ICE, Petitioner was arrested due to 'multiple ATD violation[s].'" (*Id.*, PageID.1–2.) At the conclusion of the March 3, 2026,

2

hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk. Multiple ATD violations." (Order of the Immigration Judge, ECF No. 1-3, PageID.18.)

### III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 3, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 2, 2026                                /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

3